a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANDRE L JOHNSON #21068-035,          CIVIL DOCKET NO. 1:23-CV-01767
Petitioner                                                    SEC P

VERSUS                                        JUDGE ROBERT R. SUMMERHAYS

USA,                                             MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) and Motion for Extension of Time to Pay Filing Fee (ECF No. 10) filed by pro se Petitioner Andre L. Johnson ("Johnson"). Johnson is a prisoner at the United States Penitentiary in Pollock, Louisiana. Johnson challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Johnson already paid the filing fee and received all the credit to which he is legally entitled, the Motion (ECF No. 10) should be DENIED as MOOT, and the Petition (ECF No. 5) should be DENIED and DISMISSED WITH PREJUDICE.

I.     Background

On November 26, 2018, Johnson was arrested in Caddo Parish for simple robbery, possession of a firearm by a convicted felon, and home invasion in Case Nos. 362,713 and 363,205. ECF No. 1-1 at 2.

On December 14, 2018, Johnson's parole was revoked in Case No. 313,099, a 2013 case where Johnson was sentenced to 10 years of imprisonment for possession

1

with intent to distribute a Schedule II narcotic.  *United States v. Johnson*, 5:19-CR-116 (W.D. La.), ECF No. 36 at 9.

On April 10, 2019, while in state custody, Johnson was indicted in this Court for possession of a firearm by a convicted felon and for possession of a stolen firearm. On April 24, 2019, Johnson was temporarily transferred to federal custody for prosecution pursuant to a *writ of habeas corpus ad prosequendum*.  ECF No. 1-1 at 2; *Johnson*, 5:19-CR-116 (W.D. La.), ECF No. 10.  Johnson pleaded guilty to one count of the indictment—felon in possession—and the other count was dismissed.  *See Johnson,* 5:19-CR-116 (W.D. La.), ECF Nos. 26, 34.  Johnson was sentenced to 120 months of imprisonment, with credit for time served from April 25, 2019.  *Id.*  The Judgment states that the sentence is to run concurrently "with the sentence being served in the 1st JDC, Caddo Parish, Louisiana, Docket Nos 362,713 and 363,205."[1] *See Johnson,* 5:19-CR-116 (W.D. La.), ECF No. 34.

Johnson was returned to State custody on October 8, 2019.  ECF No. 1-1 at 2. On June 23, 2020, in Case No. 362,713, Johnson was sentenced to five years of imprisonment for possession of a firearm by a convicted felon, and Case No. 363,205 was dismissed.  ECF No. 1-1 at 2.

On November 29, 2001, Johnson was paroled from the state and transferred to exclusive federal custody the following day.  *Id.*  Johnson now claims that he has not received the credit ordered by the federal court.

---

[1] Although the Judgment refers to sentences in Nos. 362,713 and 363,205 as "sentences being served," those cases were pending and no sentence had been imposed yet.  ECF No. 1-1 at 2.

## II.   Law and Analysis

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992); *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003). A district court may review a challenge to the BOP's refusal to grant such credit. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The computation of a federal sentence is governed by 18 U.S.C. § 3585, which provides:

> (a)   Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)   Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1)   as a result of the offense for which the sentence was imposed; or
>> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Therefore, a prisoner's federal sentence commences when he is received in federal custody to begin serving his sentence. And he only gets credit for time served if it has not already been credited toward another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

Johnson's sentenced commended on November 30, 2021, the date he was received in exclusive federal custody. The custodial time prior to that date was

credited toward the state sentence in Case No. 313,099 and cannot also be credited toward the federal sentence. *See* § 2585(b).

The federal judge ordered Johnson's federal sentence to run concurrently with future sentences in Docket Nos. 362,713 and 363,205. But the Judgment did not include Case No. 313,099.

When a federal judgment is silent regarding whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively unless the court specifically orders that they run concurrently. *See* 18 U.S.C. § 3584(a); *U.S. v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Therefore, although the federal sentence was ordered to run concurrently with any state sentence imposed in Nos. 362,713 and 363,205, it is still presumed to run consecutively to the previously imposed sentence in Case No. 313,099.

Johnson attaches a portion of the transcript from his federal sentencing where the attorneys and the court discussed the two pending state cases, Nos. 362,713 and 363,205. ECF No. 5-1 at 12. In ordering the federal sentence to run concurrently with the future state sentences, the judge noted that the cases all arose "from the same type of conduct, if not the same conduct." *Id.* However, the previously imposed sentence in Case No. 313,099 was not discussed and clearly did not arise from the same conduct, as it was imposed in 2013 for a narcotics charge. *See Johnson*, 5:19-CR-116 (W.D. La.), ECF No. 36 at 9.

Therefore, under §3585 and the Judgment of the sentencing court, Johnson has received all the credit to which he is legally entitled.

### III.    Conclusion

Because Johnson is not entitled to additional sentencing credit IT IS RECOMMENDED that his Petition (ECF No. 5) be DENIED and DISMISSED WITH PREJUDICE.  IT IS FURTHER RECOMMENDED that the Motion for Extension of Time to Pay the Filing Fee (ECF No. 10) be DENIED as MOOT.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, March 5, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

5